IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC A. JACKSON,

       Petitioner,

   v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

       Respondent.

CASE NO. 2:11-CV-0072
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

On January 28, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this action be dismissed. ECF No. 21. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. ECF No. 24.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection i*s **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action hereby is **DISMISSED.** Petitioner's request for a certificate of appealability is **GRANTED.** Petitioner's request to proceed *in forma pauperis* on appeal (*see Objection,* PageID #1320) is **DENIED** without prejudice to renewal in a separate motion that complies with Federal Rule of Appellate Procedure 24(a)(1).

Petitioner asserts, as his sole ground for federal habeas corpus relief, that he was denied effective assistance of counsel because his attorney failed to conduct an adequate pre-trial investigation which, according to Petitioner, would have revealed exculpatory evidence exonerating him from his conviction for aggravated murder. Specifically, Petitioner complains that his attorney failed to explore the possibility that eyewitnesses to the events at issue existed in

1

addition to those provided by the prosecution in discovery. If counsel had done so, Petitioner argues, his attorney would have learned that Kaci Chaffin, an employee of the Heartland Nursing Home, witnessed the shooting of the deceased, Petitioner's mother Donna Levan, from a resident's window. Chaffin indicated that Levan was killed when she attempted to prevent Petitioner from shooting himself in the head by grabbing his shotgun. According to Chaffin, the firearm Petitioner had pointed toward his head then discharged, shooting off Levan's hand, ultimately resulting in her death. *See Affidavit of Kaci Chaffin,* ECF No. 9-1. The Magistrate Judge recommended dismissal of Petitioner's claim on the merits.

Petitioner objects to the Magistrate Judge's conclusion that the state appellate court did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984), so as to warrant federal habeas corpus relief. Petitioner argues that the facts of this case, including the location and time of the crime alleged, should have alerted defense counsel to the likelihood that additional and potentially critical eyewitnesses may have existed, so as to require additional investigation beyond that provided by the prosecution, and beyond that already conducted by defense counsel.[1] Petitioner again argues that his attorney performed in a patently inadequate manner by failing to investigate potential witnesses beyond the thirty-five witnesses provided in the State's discovery. He contends that the Magistrate Judge improperly concluded that granting this claim would be tantamount to imposing unworkable burdens on defense attorneys to unearth unforeseeable evidence in developing and supporting a theory of defense.

---

[1] The record indicates that defense counsel reviewed the discovery provided by the prosecution including, a list of thirty-five potential witnesses, police reports and narratives, witness statements, property custody documents, vehicle inventory documents, gunshot residue analysis, inventory of items obtained by search warrant vehicle identifications, press releases and newspaper articles. *State v. Jackson*, No. 14-09-24, 2009 WL 3720578, at *5 (Ohio App. 3 Dist. Nov. 9, 2009). Defense counsel additionally interviewed Petitioner, his wife and his psychiatrist before selecting the insanity-defense strategy. *See Report and Recommendation*, PageID #1293.

After careful consideration of the entire record, this Court does not find Petitioner's arguments to be persuasive. The record fails to reflect that counsel's improperly failed to conduct a constitutionally adequate investigation into all potential witnesses to the events at issue. Petitioner maintains that a reasonably thorough investigation into the facts of this case specifically required trial counsel "to review employee records and schedules in order to discover whether there was an eyewitness." *Objection,* PageID #1315. He also argues that "[a] reasonable investigation under *Strickland* required counsel to seek out the residents and employees present at the nursing home that day and during the timeframe in question." *Id*. at PageID #1317.

Yet, the constitution does not impose such specific duties upon counsel. Certainly, as the Magistrate Judge correctly determined, before arriving at a defense strategy, "'counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Poole v. MacLauren*, -- F. App'x --, No. 12-1705, 2013 WL 6284355 at *6 (6th Cir. Dec. 5, 2013) (quoting Strickland, 466 U.S. at 691). "'This duty includes the obligation to investigate all witnesses who may have information concerning his or her client's guilt or innocence.'" *Id*. (quoting *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005)).

This is not a case in which defense counsel deliberately failed to interview or investigate known witnesses. As the Magistrate Judge noted, the Court of Appeals for the Sixth Circuit recently emphasized, "counsel cannot be expected to investigate a defense or a witness unknown to him. . . . The duty to investigate does not force defense lawyers to scour the globe on the off chance something will turn up." *Hale v. Davis*, 512 F. App'x 516, 520–21 (6th Cir. 2013). More specifically:

> "[C]ounsel has a duty to make reasonable investigations or to make
> a reasonable decision that makes particular investigations

3

> unnecessary." *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674. "This duty includes the obligation to investigate all witnesses who may have information concerning his or her client's guilt or innocence." *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005) (citations omitted). When determining counsel's effectiveness in investigating a case, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674.
>
> However, "[c]ounsel cannot be expected to investigate a defense or a witness unknown to him." *Collins v. Berghuis*, No. 1:08–cv–369, 2011 WL 4346333, *19 (W.D. Mich. Aug.22, 2011) (citing *Bigelow v. Williams*, 367 F.3d 562, 571 (6th Cir. 2004); *Sones v. Bell*, No. 1:07–cv–552, 2010 WL 2472760, at * 12 (W.D. Mich.Apr.26, 2010)). "[T]he duty to investigate does not force defense lawyers to scour the globe on the off chance something will turn up [.]" *Rompilla v. Beard*, 545 U.S. 374, 383, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005) (citations omitted).

*Poole*, 2013 WL 6284355 at *6.

Nothing in the record suggests that defense counsel could have foreseen that the prosecution had not already revealed all potential evidence at issue, or that counsel made constitutionally unreasonable strategic decisions based on unreasonable investigation. This Court simply cannot conclude, in view of the record presented, that the state appellate court unreasonably applied or contravened *Strickland* in denying Petitioner's claim, or based its decision on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2).

Petitioner seeks a certificate of appealability. *Objection,* PageID #1320. When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880, 103 (1983). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. §

4

2253(c)(2)).  To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack*, 529 U.S. at 484 (quoting *Barefoot,* 463 U.S. at 893 & n.4).  The Court concludes that reasonable jurists could disagree as to the outcome of this case and that the issue presented deserves to proceed.

>    The Court certifies the following issue for appeal:
>
>>   Was Petitioner denied effective assistance of counsel under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), based on his failure to conduct an adequate pre-trial investigation before arriving at his defense strategy?

For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection*, ECF No. 24, is **OVERRULED**.  The *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED**.  This action is **DISMISSED.**  Petitioner's request for a certificate of appealability is **GRANTED.**  Petitioner's request to proceed *in forma pauperis* on appeal, see *Objection,* PageID #1320, is **DENIED** without prejudice to renewal in a separate motion that complies with Federal Rule of Appellate Procedure 24(a)(1).

>   **IT IS SO ORDERED.**
>
>   Date: March 14, 2014                                      s/James L. Graham
>   
>                                                             _____
>                                                             **JAMES L. GRAHAM**
>                                                             **United States District Judge**